UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JEFFERY JONES | CIV. ACTION NO. 3:21-03691 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| NTAMBI MUZUNGU, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

### ORDER

On October 19, 2021, Defendant, United Financial Casualty Company ("United"), removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Federal courts, however, are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party invoking the federal forum. *Id*. Further, when jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

Having reviewed the record, the court notes the following deficient or ambiguous allegation(s) of jurisdiction:

The notice of removal alleged that Defendant, Ntambi Trucking Company, L.L.C. ("Ntambi"), is "an Idaho limited liability company, authorized to do business in the State of Louisiana, domiciled in the State of Idaho." (Notice of Removal, 4(C)). For purposes of diversity, however, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its **members**. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th

Cir. 2008).[1]  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

Here, the notice of removal does not allege the member(s) and citizenship of Ntambi.

Accordingly, within the next seven days from the date of this order, United is granted leave of court to file an amended notice of removal that establishes diversity jurisdiction.  *See* 28 U.S.C. § 1653.  If United fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.[2]

---

[1] Under Louisiana law, a limited liability company is an unincorporated association.  L𝐀. R.S. § 12:1301A(10).  If the law of the state where Ntambi was organized differs in any *material* respect, then United may discuss these nuances in its amended notice of removal.  *See* discussion, *infra*.

[2] Lest the parties suspect that the court is engaged in a hyper-technical exercise that exalts form over substance, the undersigned observes that the Fifth Circuit takes these matters seriously. *See, e.g., Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530 (5th Cir. 2017) (party asserting jurisdiction failed to establish complete diversity, thereby requiring vacatur of the district court's judgment, with instructions to remand the matter to state court after four years of litigation); *Mullins v. Testamerica, Inc.*, 300 Fed. App'x. 259 (5th Cir. 2008) (remanding to district court to address deficient jurisdictional allegations; *Smitherman v. Bayview Loan Servicing, L.L.C.*, 2017 WL 113919 (5th Cir. Jan. 11, 2017) (remanding to district court because notice of removal did not identify members of LLC or their citizenship); *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) (dismissing case because record did not contain allegations establishing complete diversity).

In Chambers, at Monroe, Louisiana, on this 7th day of January, 2022.

                                                 KAYLA DYE MCCLUSKY
                                                 UNITED STATES MAGISTRATE JUDGE